UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

JESSICA MCKENZIE,

    Plaintiff,

v.

TAMPA HUB CORPORATION, a
Florida for-profit corporation d/b/a
THE CRAB SHACK,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, JESSICA MCKENZIE, ("MCKENZIE"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendant, TAMPA HUB CORPORATION, a Florida for-profit corporation d/b/a THE CRAB SHACK, (hereinafter "CRAB SHACK"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA"); and, unpaid minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1343. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint,

Defendant, CRAB SHACK regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce.

3. Upon information and belief, during the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

4. The Defendant is subject to the jurisdiction of this Court because they it engages in substantial and not isolated activity within the Middle District of Florida.

5. The Defendant is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida.

## VENUE

6. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in Pinellas County, Florida, in the Middle District of Florida;

   b. Defendant was and continues to be a Florida company doing business within this judicial district.

## PARTIES

7. At all times material hereto, Plaintiff, MCKENZIE, was and continues to be a resident of Kenneth City, Pinellas County, Florida, and was an "employee" of the Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant, CRAB SHACK was the employer of Plaintiff, MCKENZIE.

9. At all, times material hereto, Defendant, CRAB SHACK was and continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant, CRAB SHACK knowingly and willfully failed to pay Plaintiff, MCKENZIE her lawfully earned wages in conformance with the FLSA.

11. At all times material hereto, Defendant, CRAB SHACK was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiff, MCKENZIE, was directly essential to the business performed by the Defendant, CRAB SHACK.

13. Plaintiff, MCKENZIE, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. On or about March 25, 2016, Plaintiff, MCKENZIE was hired as a server at the Defendant's restaurant. Her employment terminated on about March 27, 2017.

15. During Plaintiff, MCKENZIE's employment, Defendant unlawfully availed itself to an FLSA "tip credit" and moreover, failed to pay the Plaintiff at or above the minimum wage for all hours worked. Among other things:

   a. Defendants failed to inform the Plaintiff of their intention to take a tip credit;

   b. Defendants paid Plaintiff a "tip server" wage for doing *kitchen* prep work including, but not limited to, cutting lettuce, tomatoes, lemons, and onions; portioning out cocktail and condiment sauces; filling bottles with tartar sauce; making coleslaw; and portioning to-go condiments in containers—all the foregoing activities occurred in the Defendants' *kitchen*, *prior* to her shift, when

no customers were even in the subject restaurant. The Plaintiff also did server "side work" throughout her shift;

    c. Defendants required the Plaintiff and other servers to pay out of their own pocket for utensils (crackers) for cracking the shells of crabs, which were to be provided to the Defendants' customers; and,

    d. Defendants required Plaintiff to pay for uniforms, including "Crab Shack" shirts.

16. Throughout Plaintiff, MCKENZIE's employment, she often worked over forty (40) hours per week.

17. During Plaintiff, MCKENZIE's employment, she worked hours for which she received less than the applicable statutory minimum wage.

18. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the overtime rate of time and one-half for hours worked in excess of the maximum hours provided by the FLSA, to the Plaintiff.

19. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

20. Plaintiff realleges Paragraphs 1 through 19 as if fully stated herein.

21. Since Plaintiff's date of hire with Defendant, in addition to Plaintiff, MCKENZIE's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

For a number of Plaintiff's overtime hours, she was paid cash at a "straight time" rate, rather than overtime at the rate of time-and-one-half. Alternatively, Defendants paid overtime at a rate that was mathematically incorrect.

22. Plaintiff, MCKENZIE, was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by MCKENZIE in excess of the maximum hours provided for in the FLSA.

24. Plaintiff, MCKENZIE, was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

25. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff, MCKENZIE, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

26. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, MCKENZIE, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

27. Defendant failed to properly disclose or apprise Plaintiff, MCKENZIE, of her rights under the FLSA.

28. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, MCKENZIE, is entitled to liquidated damages pursuant to the FLSA.

29. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff, MCKENZIE, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

30. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, MCKENZIE, respectfully requests that judgment be entered in her favor against the Defendant:

    a.    Declaring that Defendant violated the maximum hour provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

31. Plaintiff realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

32. Plaintiff, MCKENZIE's employment with Defendant was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

33. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

34. The FLSA, 29 U.S.C. § 203(m), allows an employer to pay less than the required minimum wage, by taking a "tip credit" in order to satisfy its minimum wage obligation.

35. Among other things, Defendant failed to comply with the requirements imposed by 29 U.S.C. §203(m) for utilizing the "tip credit" by paying the Plaintiff for less than all the hours she worked thereby causing her hourly wage to fall below the FLSA minimum wage requirement.

36. Defendant's failure to comply with the conditions for utilizing the "tip credit" invalidates the Defendant's ability to claim a "tip-credit" for Plaintiff, MCKENZIE.

37. Defendant is required to compensate Plaintiff, MCKENZIE with at least minimum wage because the "tip credit" is invalid.

38. Defendant willfully refused to properly compensate Plaintiff, MCKENZIE for minimum wage in violation of the FLSA, as the aforementioned "tip-credit" was invalid.

39. Defendant's violation of the FLSA concerning payment of minimum wages was willful.

40. Defendant knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff, MCKENZIE.

41. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b.  liquidated damages;

c.  attorney's fees and costs pursuant to the FLSA;

d.  post-judgment interest; and

e.  all other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT)

42. Plaintiff, MCKENZIE, realleges Paragraphs 1 through 19 as if fully stated herein.

43. Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiff, MCKENZIE was entitled to be compensated at no less than the state mandated minimum wage for all hours worked.

44. During Plaintiff, MCKENZIE's employment, Defendant willfully paid her less than the statutory minimum wage for her work hours.

WHEREFORE, Plaintiff, MCKENZIE, respectfully requests that judgment be entered in her favor against the Defendant:

a.  Declaring that Defendant violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the Florida minimum wage;

b.  Awarding Plaintiff all back wages due and owing;

c.  Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e.  Awarding Plaintiff post-judgment interest;

    f.      Finding that Defendant willfully violated Article X Fla. Const., and ordering Defendant to pay a $1,000.00 fine to the State of Florida for *each* such willful violation; and,

45. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: April 27, 2017.

                                            Respectfully submitted,

                                            BOBER & BOBER, P.A.
                                            Attorneys for Plaintiff
                                            1930 Tyler Street
                                            Hollywood, FL 33020
                                            Phone: (954) 922-2298
                                            Fax: (954) 922-5455
                                            peter@boberlaw.com
                                            samara@boberlaw.com

                                            By: s/. Peter Bober
                                                  PETER BOBER
                                                  FBN: 0122955
                                                 SAMARA ROBBINS BOBER
                                                 FBN: 0156248